UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID JOHNSON                                           CIVIL ACTION

VERSUS                                                  NO: 98-1116

BURL CAIN                                               SECTION: "J"(4)

### ORDER

Before the Court is a Motion to Reopen **(Rec. Doc. 21)** and a Motion to Reopen and Consolidate **(Rec. Doc. 24)**, filed by *pro se* petitioner, David Johnson. Having reviewed the motion, the record, and the applicable law, the Court finds that Johnson's motion should be **DENIED**.

Johnson is currently in custody at the Louisiana State Penitentiary serving a sentence for a 1978 state court conviction for armed robbery and aggravated rape. (Rec. Docs. 1, 5) On March 7, 1998, Plaintiff filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 in this Court. In December 1998, the Court dismissed Johnson's § 2254 petition, and Johnson sought to appeal. (Rec. Docs. 12, 13, 15) In January 1999, this Court and the United States Fifth Circuit Court of Appeals ("Fifth Circuit") denied Johnson's request for a certificate of appealability. (Civil Action 98-1116 "T"(6), Rec. Docs. 16, 17, 20)

On August 10, 2012, Johnson filed a second § 2254 petition for writ of habeas corpus in civil action 12-2056. In his second petition, he asserted: (1) that the state court which convicted him lacked subject matter jurisdiction, because the failure of nine grand jury members to concur in retaining a true bill and the trial court's allegedly unreasonable action in instituting prosecution against him deprived him of due process, and (2) that the trial court erred in denying his claim of lack of subject matter jurisdiction. (Civil Action 12-2056 "J"(4), Rec. Doc. 2) Under 28 U.S.C. § 2244(b)(3)(A), before filing a second or successive § 2254 petition in the district court, an applicant is required to file a motion in the appropriate court of appeals for an order authorizing the district to consider the successive application. 28 U.S.C. § 2244(b)(3)(A). Consequently, on August 23, 2012, pursuant to 28 U.S.C. § 2244(b)(3)(A), the Court issued an order, (1) construing Johnson's petition, in part, as a motion leave to file a § 2254 petition and (2) transferring Johnson's case to the United States Fifth Circuit to allow Johnson an opportunity to obtain authorization from that court to file his second or successive petition.

On November 9, 2012, the Fifth Circuit denied Johnson's motion for leave to file a successive § 2254 petition, finding that Plaintiff had failed to make the requisite showing under 28

U.S.C. § 2244(b)(2) that his successive petition contained either newly discovered evidence or was based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (Rec. Doc. 5, pp. 1-2) On March 18, 2013, Johnson filed the instant Motion to Reopen (Rec. Doc. 21) and on March 26, 2013, he filed the instant Motion to Reopen and Consolidate. (Rec. Doc. 24)

    The Court will address Johnson's Motion to Reopen (Rec. Doc. 21) and his Motion to Reopen and Consolidate (Rec. Doc. 24) together, because they are duplicative. In both motions, Johnson requests that the Court forward a copy of the instant motion and its attachments to the Department of Justice and the Federal Bureau of Investigation, because he contends that he has a right under the equal protection clause of the United States Constitution to prosecute state officials under several federal criminal statutes and under state law for kidnaping and illegal incarceration. In both motions he accuses the Fifth Circuit of acting in collusion with state officials to deny his motion for leave to file a successive § 2254 petition in civil action 12-2056 in order protect state officials from prosecution under several federal and state criminal laws. In addition, the Motion to Reopen and Consolidate (Rec. Doc. 24) that Johnson filed in

this case is identical to the Motion to Reopen and Consolidate that he filed on the same day in civil action 12-2056. On July 3, 2013, the Court issued an Order and Reasons denying Johnson's Motion to Reopen and Consolidate in civil action 12-2056. (civil action 12-2056 "J"(4), Rec. Doc. 9) Given that (a) the Motion to Reopen and Consolidate in this action is identical to the one the Court denied in civil action 12-2056, and (b) the Motion to Reopen differs only in form, not substance, the Court finds that both Johnson's Motion to Reopen (Rec. Doc. 21) and Motion to Reopen and Consolidate (Rec. Doc. 24) should be **DENIED** for the same reasons expressed in the Court's Order and Reasons denying Johnson' Motion to Reopen Consolidate in civil action 12-2056. Accordingly,

**IT IS HEREBY ORDERED** that Johnson's Motion to Reopen **(Rec. Doc. 21)** is **DENIED**.

**IT IS FURTHER ORDERED** that Johnson's Motion to Reopen and Consolidate **(Rec. Doc. 24)** is **DENIED**.

New Orleans, Louisiana this 3rd day of July, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE